**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROL ANDERSON, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| MASTERCARD INC., | (JURY TRIAL DEMANDED) |
| Defendant. | |

Plaintiff Carol Anderson, individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## **INTRODUCTION**

1.      Unsatisfied with interchange fee revenue alone, Defendant Mastercard Inc. ("Mastercard") sold, rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as age, gender, religion, and purchase-related data, and information pertaining to their use of MasterCard cards to make purchases (hereinafter, "Personal Identifying Transactional Data")) on the open market to data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties interested in purchasing them.  Prior to monetizing Plaintiff's and its other customers' Personal Identifying Transactional Data in this way, Mastercard did not ask for, much less obtain, consent from any of these individuals.

2.      Documented evidence confirms these facts.  For example, Mastercard, either directly, or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), and during the time

periods relevant to this action, sold and rented to various parties the mailing list titled "MASTERCARD® AUDIENCES Mailing List", which contains the names, addresses, and other Personal Identifying Transactional Data of all individuals who used MasterCard cards to make purchases (including the types of purchases made), including Plaintiff and each member of the Class, at a base price of "$110.00/M [per thousand]," (*i.e.*, 11.0 cents apiece), as shown in pertinent part in the screenshot below from list broker NextMark, Inc.'s website:



*See* **Exhibit A** hereto.

3.      Illinois's Right of Publicity Act clearly prohibits what Mastercard has done.  *See* 765 ILL. COMP. STAT 1075, *et seq.* (the "IRPA").  Generally speaking, the IRPA prohibits using a person's name or likeness on or in connection with a product, good, piece of merchandise, or a

service without the person's prior consent.  Mastercard directly violated the IRPA by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other Illinois customers' names, addresses, and other Personal Identifying Transactional Data.

4.      Mastercard's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data.  For example, anyone could buy or rent a list that contains the names, addresses, and other Personal Identifying Transactional Data of all Christian women over the age of 50 who reside in Illinois, earn over $100,000 per year, and purchased a plane ticket with a MasterCard in the past six months. Such a list is available for sale or rental on the open market for approximately $165.00 per thousand customers listed.

5.      So, while Mastercard profits handsomely from the use of its customers' names, likenesses, and other personal identifying attributes in this way, it does so at the expense of its Illinois customers' statutory rights of publicity.  Accordingly, Plaintiff brings this Class Action Complaint against Mastercard for its plainly unlawful use of its customers' names and likenesses in reckless disregard of Plaintiff's and the Class' statutorily protected rights under the IRPA.

## PARTIES

6.      Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of Illinois.  During the time period relevant to this action, Plaintiff used a MasterCard card (or cards) to make purchases while residing in, being a citizen of, and physically being present in, Illinois.

7.      Defendant Mastercard Inc. is a Delaware corporation that maintains its headquarters and principal place of business in Purchase, New York.  Mastercard is a technology company in the global payments industry that enables the use of electronic forms of payment, including credit and debit cards, by consumers, financial institutions, merchants, governments, digital partners, businesses and other organizations worldwide.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Mastercard.

9.      The Court has personal jurisdiction over Mastercard because Mastercard maintains its corporate headquarters and principal place of business in Purchase, New York.

10.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Mastercard is subject to personal jurisdiction in this judicial District, because Mastercard resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE IRPA

11.     The IRPA prohibits any person from, *inter alia*, publicly using or holding out an individual's identity, such as their name, likeness, or other identifying attribute, on or in connection with the sale or offering for sale of a product, good, or service.  *See* 765 ILL. COMP. STAT. 1075/5, 30(a).  Specifically, Section 30 of the IRPA states, in pertinent part:

> A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act or their authorized representative.

*Id.* (emphasis added).

12.     The IRPA defines "identity" as "an attribute of an individual that serves to identify the individual to an ordinary, reasonable viewer, or listeners including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice."  765 ILL. COMP. STAT. 1075/5.

13.     The IRPA provides for, *inter alia*, statutory damages of $1,000.00 per violation of the statute and punitive damages for willful violations of the statute.  *See* 765 ILL. COMP. STAT. 1075/40.

## MASTERCARD DIRECTLY VIOLATES THE IRPA

14.     Mastercard maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personal identifying information, including and highly sensitive Personal Identifying Transactional Data.

15.     Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personal Identifying Transactional Data appear.  Mastercard has sold and rented (and continues to sell and rent) these lists on the open market to anyone willing to pay for them, including on a regular basis to data miners, aggregators, appenders, and cooperatives, and aggressive marketing companies, among others.

16.     As a result of Mastercard's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from Mastercard on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appear.

Mastercard's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

17.     Mastercard does not seek its customers' prior consent (written or otherwise) to any of these practices, and its customers remain unaware that their names, addresses, and other Personal Identifying Transactional Data (as well as various other categories of sensitive personal identifying information) are used by Mastercard on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

18.     Mastercard uniformly fails to obtain consent from — or even provide effective notice to — its customers before engaging in the practices described herein.

19.     By and through these actions, Mastercard has used Plaintiff's and all of its other customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the IRPA.

## **CLASS ACTION ALLEGATIONS**

20.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

21.     Plaintiff seeks to represent a class comprised of and defined as follows:

All Illinois residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold or rented, or offered for sale or rental, by Mastercard (the "Class").

22.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, the members of the Class number in the hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at

this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the records of Mastercard.

23.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. Legal and factual questions common to the Class include, but are not limited to: (a) whether Mastercard used Plaintiff's and the Class members' "identities" for a "commercial purpose" by offering to sell (or rent) to the community at large and/or selling (or renting) to anyone willing to pay, mailing lists identifying by name each person who used MasterCard cards to make purchases; (b) whether Mastercard obtained written consent from Plaintiff and the Class members before selling (or renting) and offering for sale (or rent) mailing lists identifying them by name, to anyone willing to pay, as individuals who used MasterCard cards to make purchases; and (c) whether Mastercard's practices of selling (or renting) and offering for sale (or rent) mailing lists identifying them by name, to anyone willing to pay, as individuals who used MasterCard cards to make purchases violated the IRPA.

24.     The claims of Plaintiff are typical of the claims of the other members of the Class in that Plaintiff and the members of the Class were injured and sustained damages by Mastercard's uniform wrongful conduct, based upon Mastercard's practices of using Plaintiff's and Class members' names, likenesses, and other personal identifying attributes on, or in connection with, the mailing lists it sold and rented (and its sales and rentals of such lists) to third parties on the open market.

25.     Plaintiff is an adequate representative of the Class because none of Plaintiff's interests conflict with the interests of the other members of the Class that she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to

prosecute this action vigorously.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

26.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Mastercard's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Mastercard's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

### CLAIM FOR RELIEF
**Violation of Illinois's Right of Publicity Act, 765 ILL. COMP. STAT. 1075, *et seq.***
**(By Plaintiff Individually and on Behalf of the Class)**

27.     Plaintiff repeats and incorporates herein the allegations in paragraphs 1-26 above.

28.     Plaintiff brings this claim individually and on behalf of members of the Class against Mastercard.

29.     Plaintiff is a "living . . . natural person" and thus an "individual" within the meaning of the IRPA.

30.     Mastercard is a corporation and thus a juristic "person" within the meaning of the IRPA.

31.     Plaintiff, an Illinois resident, used a MasterCard card (or cards) to make purchases. Each member of the Class likewise resides in Illinois and used MasterCard cards to make purchases.

32.     Prior to and at the time Plaintiff used a MasterCard card (or cards) to make purchases, Mastercard did not notify Plaintiff that it would publicly use her identity for commercial purposes by selling (or renting) or offering to sell (or rent) her name, address, and other Personal Identifying Transactional Data on the open market to any member of the public interested in purchasing this data, and Plaintiff has never consented (in writing or otherwise) to Mastercard doing so.  Mastercard likewise failed to notify any of the other Class members that it would use their identities for commercial purposes by selling, renting, or offering to sell or rent their names, addresses, and other Personal Identifying Transactional Data on the open market to the public at large, and none of the members of the Class has consented (in writing or otherwise) to Mastercard doing so.

33.     After Plaintiff used a MasterCard card (or cards) to make purchases, and during the relevant statutory period, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), offered for sale (or rent) to the community at large mailing lists containing Plaintiff's name, address, and other Personal Identifying Transactional Data (which identified her as an individual who had used MasterCard cards to make purchases) and sold and rented those lists on the open market to data aggregators, data appenders, data cooperatives, and various other persons willing to purchase them, without first obtaining Plaintiff's written consent or even giving her prior notice of its public use and holding out of her identity in this way. Likewise, during the statutory period relevant to this action, Mastercard offered for sale (or rent)

and sold (or rented) on the open market, to any member of the public interested in purchasing, mailing lists identifying the names, addresses, and other Personal Identifying Transactional Data of all of the other individuals who had used MasterCard cards to make purchases, including each member of the Class, without providing prior notice to or obtaining written consent from any of these individuals.

34.     The name "Carol Anderson," one of the identifying attributes Mastercard publicly used, is "the actual name . . . by which [Plaintiff] is known that is intended to identify [her]," on the mailing lists that Mastercard sold, rented, or offered for sale or rent on the open market to anyone willing to pay for them.  Accordingly, Mastercard used Plaintiff's "identity" within the meaning of the IRPA.  *See* 765 Ill. Comp. Stat. 1075/5.

35.     Mastercard's offer to sell (or rent) mailing lists on which Plaintiff's and the other Class members' identities appeared to the community at large, and its sale (or rental) of those lists to any member of the public willing to pay for them, caused Plaintiff's and the Class members' names and additional identifying attributes to be made accessible to, and shared with, the community at large, and to be exposed to general view by Mastercard or by one or more intermediaries acting on its behalf and at its direction.  Mastercard's making accessible and sharing of Plaintiff's and the Class members' identities (identifying them as individuals who had used MasterCard cards to make purchases) with the community at large, including any member of the general public willing to purchase them, constituted "public use or holding out" within the meaning of IRPA.  *See Id*.

36.     The mailing lists that Mastercard sold (or rented) and offered to sell (or rent) constituted "products," "merchandise," or "goods" within the meaning of the IRPA.

37.     Thus, Mastercard's sales and offers to sell mailing lists on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appeared, on the open market to any member of the public willing to pay for them, constituted "the public use or holding out of [these] individual[s'] identit[ies] . . . on . . . a product, merchandise, [or] goods[.]" *Id.* Accordingly, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), used Plaintiff's and the Class members' identities "for commercial purposes" within the meaning of the IRPA. *Id.*

38.     Additionally, Plaintiff's use of a MasterCard card (or cards) to make purchases, and the Class members' use of MasterCard cards to make purchases, each concerned a "product," piece of "merchandise," or a "good[]" within the meaning of the IRPA. *See id.*

39.     Thus, Mastercard's sales, rentals and offers to sell (or rent) mailing lists on which Plaintiff's and the other Class members' names appeared constituted "the public use or holding out of [these] individual[s'] identit[ies] . . . in connection with the offering for sale or sale of a product, merchandise, [or] good . . ." *See id.* Specifically, because the mailing lists identified by name individuals who had previously used MasterCard cards to make purchases, Mastercard's use of Plaintiff's and the other Class members' identities on the mailing lists it sold, rented and offered to sell (or rent) to the community at large was done in connection with the prior sales of products, goods, merchandise, or services to Plaintiff and the other members of the Class. Accordingly, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), also used Plaintiff's and the Class members' identities "for commercial purposes" within the meaning of the IRPA in this way. *See id.*

11

40.     By selling, renting and offering to sell (or rent) mailing lists on which Plaintiff's and the other Class members' names, addresses, and other Personal Identifying Transactional Data appeared to the community at large, to any member of the public willing to pay for them, without first asking for much less obtaining Plaintiff's or the other Class members' prior written consent, Mastercard, either directly or through one or more intermediaries acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), used Plaintiff's and the other Class members' identities for commercial purposes during their lifetimes in violation of section 30(a) of the IRPA.  *See* 765 ILL. COMP. STAT. 1075/30(a).

41.     As a result of Mastercard's nonconsensual public use and holding out of their identities for commercial purposes, Plaintiff and the members of the Class have suffered violations of their rights of publicity.  On behalf of herself and the Class, Plaintiff seeks: (1) an injunction requiring Mastercard to obtain written consent from Illinois customers prior to the use of their identities for commercial purposes pursuant to 765 ILL. COMP. STAT. 1075/50; (2) $1,000.00 in statutory liquidated damages to herself and each Class member pursuant to 765 ILL. COMP. STAT. 1075/40 (a)(2); and (3) costs and reasonable attorneys' fees pursuant to 765 ILL. COMP. STAT. 1075/55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Mastercard Inc. as follows:

A.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B.      For a declaration that Mastercard's conduct described herein violates the IRPA;

C.      For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.      For an injunction requiring Mastercard to obtain prior written consent from Plaintiff and the Class members prior to using their identities for commercial purposes pursuant to 765 ILL. COMP. STAT. 1075/50;

E.      For an award of $1,000 to Plaintiff and each Class member, as provided by the 765 ILL. COMP. STAT. 1075/40(a)(2);

F.      For an order awarding counsel for the Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to 765 ILL. COMP. STAT. 1075/55; and

G.      For prejudgment interest on all amounts awarded.

## JURY DEMAND

Plaintiff, on behalf of herself and the members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: November 30, 2021                    Respectfully submitted,

**HEDIN HALL LLP**

 s/ Arun G. Ravindran
Arun G. Ravindran
aravindran@hedinhall.com
Frank S. Hedin*
fhedin@hedinhall.com
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
tlaughlin@scott-scott.com
Jonathan M. Zimmerman*
jzimmerman@scott-scott.com
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*